# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed:  July 24, 2023)

```
* * * * * * * * * * * * * *
JANIS F. FALKOFF,                 *        UNPUBLISHED
                                  *        No. 18-1819V
            Petitioner,           *
                                  *        Special Master Dorsey
v.                                *
                                  *        Attorneys' Fees and Costs
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * * *
```

Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for petitioner.
Madelyn Weeks, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 27, 2018, Janis Falkoff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioner alleged that she suffered from injuries, including lichen planus, after receiving hepatitis B vaccinations on November 28, 2017, January 3, 2018, and April 11, 2018. Petition at 1. (ECF No. 1). On January 30, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on January 31, 2023. (ECF No. 90).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On February 1, 2023, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 92). Petitioner requests compensation in the amount of $84,193.65, representing $63,549.40 in attorneys' fees and $20,544.25 in attorneys' costs, and $100.00 in costs personally incurred by petitioner. Fees App. at 1. Respondent filed his response on February 13, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 96). Petitioner filed a reply on February 13, 2023, reiterating his belief that the requested fees and costs are reasonable.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $84,193.65.

## I.       Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Moeller, $285.00 per hour for work performed in 2018, $2300.00 per hour for work performed in 2019, $341.00 per hour for work performed in 2020, $363.00 per hour for work performed in 2021, $379.00 per hour for work performed in 2022, and $408.00 per hour for work performed in 2023; for Ms. Nikki Nobbe, $190.00 per hour for work performed in 2018, $200.00 per hour for work performed in 2019, and $242.00 per hour for work performed in 2020 and 2021; and for Ms. Coyreen Weidner, $220.00 per hour for work performed in 2021 and $274.00 per hour for work performed in 2022. These rates are consistent with what counsel have previously been awarded, and the undersigned finds them to be reasonable herein.

### ii.   Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $63,549.40.

### b.   Attorneys' Costs

Petitioner requests a total of $20,544.25 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Dr. M. Eric Gershwin and Dr. David Kaplan. Fees App. Ex. 2. The undersigned

has reviewed the costs and finds that they are reasonable and supported by the necessary documentation. Accordingly, they shall be fully reimbursed.

### c.  Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $100.00 for acquisition of medical records. The undersigned finds this cost reasonable and supported by the necessary documentation. Petitioner's costs shall therefore be fully reimbursed.

### II.      Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $63,549.40 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$63,549.40** |
| | |
| Attorneys' Costs Requested | $20,544.25 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$20,544.25** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$84,093.65** |
| | |
| **Petitioner's Costs** | **$100.00** |
| | |
| **Total Amount Awarded** | **$84,193.65** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum of $84,093.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Moeller; and**

2) **a lump sum of $100.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master